UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PRECIOUS BROWN, ) | Civil Action No.: 3:13-cv-1228-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLINA CHILDREN'S HOME, ) | |
| ) | |
| Defendant. ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se[1], asserts claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. as well as several state law claims. Presently before the Court is Defendant's Motion to Dismiss (Document # 10) four of Plaintiff's claims. Because Plaintiff is proceeding pro se, she was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's Motion to Dismiss, could result in the Motion being granted. Plaintiff has not filed a response to the Motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC. Because Defendant's Motion is dispositive, this Report and Recommendation is filed for review by the district judge.

## II.    RULE 41(b) DISMISSAL

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action

---

[1] Plaintiff was initially represented by counsel in this action. Subsequently, Plaintiff's counsel moved to be relieved as counsel as a result of Plaintiff's failure to communicate with him. See Motion to Withdraw as Attorney (Document # 5). The Motion was granted. See Order dated November 1, 2013 (Document # 15).

-2-

for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for her actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Further, even before Plaintiff became pro se, she failed to remain in contact with her attorney so that he could prosecute the case on her behalf. Plaintiff was specifically warned that a failure to respond to the Motion to Dismiss could result in the Motion being granted. Because Plaintiff failed

-3-

to file a response to the Motion to Dismiss, the undersigned concludes Plaintiff has abandoned those claims for which Defendant seeks dismissal. No other reasonable sanctions are available.

### III.     CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (Document # 10) be granted as without opposition and that Plaintiff's breach of contract, breach of contract with fraudulent intent, bad faith demotion and termination and wrongful discharge causes of action be dismissed.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 20, 2014
Florence, South Carolina

**The parties are directed to the important notice on the following page.**