UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PRECIOUS BROWN, | ) Civil Action No.: 3:13-cv-1228-TLW-TER |
| Plaintiff, | ) |
| -vs- | ) |
| | ) **REPORT AND RECOMMENDATION** |
| CAROLINA CHILDREN'S HOME, | ) |
| Defendant. | ) |

**I.    INTRODUCTION**

Plaintiff, who is proceeding pro se[1], asserts claims under Title VII of the Civil Rights Act of 1964 (Title VII), and 42 U.S.C. § 2000(e) et seq.[2] Presently before the Court is Defendant's Motion to Dismiss for Lack of Prosecution (Document # 48). Because Plaintiff is proceeding pro se, she was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's Motion to Dismiss, could result in the Motion being granted. Plaintiff has not filed a response to the Motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC. Because Defendant's Motion is dispositive, this Report and Recommendation is filed for review by the district judge.

---

[1] Plaintiff was initially represented by counsel in this action. Subsequently, Plaintiff's counsel moved to be relieved as counsel as a result of Plaintiff's failure to communicate with him. See Motion to Withdraw as Attorney (Document # 5). The Motion was granted. See Order dated November 1, 2013 (Document # 15).

[2] Plaintiff also asserted several state law claims, which Defendant previously moved to dismiss. Plaintiff failed to file a response to that motion and those claims were dismissed pursuant to Fed.R.Civ.P. 41(b).

## II.     RULE 41(b) DISMISSAL

Defendant moves to dismiss this action for Plaintiff's failure to prosecute pursuant to Fed. R.Civ.P. 41(b). "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.  Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test."  Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal.  Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for her

-3-

actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case. Neither this court nor Defendant have received any communication from Plaintiff since her counsel was relieved in November of 2013. In a order dated November 1, 2013 (Document # 15), the undersigned relieved Plaintiff's counsel and directed Plaintiff to keep the clerk of court advised of any changes in her address. Since at least March 20, 2014, all documents mailed to Plaintiff at her last known address by this court and by Defendant have been returned as undeliverable. As a result, Plaintiff has failed to respond to Defendant's discovery requests and has failed to respond to this present motion. Because of Plaintiff's failure to participate in anyway in this action, the undersigned concludes Plaintiff has abandoned her claims against Defendant. No other conclusion is reasonable.

### III.   CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss for Lack of Prosecution (Document # 10) be granted and this case dismissed.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

August 14, 2014<br>
Florence, South Carolina

**The parties are directed to the important notice on the following page.**